O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS CLINTON, | ) | Case No. CV 08-4179-DOC (OP) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| E. LUKE, et al., | ) | |
| Defendants. | ) | |

**I.**

**PROCEEDINGS**

On June 24, 2008, Plaintiff lodged for filing the current pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). On August 8, 2008, the Complaint was ordered filed after the Court granted Plaintiff's request to proceed in forma pauperis. The events alleged in the Complaint occurred while Plaintiff was incarcerated at the California Men's Colony ("CMC") in San Luis Obispo. (Compl. at 2.) Plaintiff has since been released from custody and currently lives in Van Buren, Arkansas.

///

///

**II.**

1

# PLAINTIFF'S ALLEGATIONS

In the Complaint, Plaintiff names as Defendants CMC Doctors E. Luke and N. Greenman, CMC Warden John Marshall, CMC Lieutenant G. Barter, CMC Appeals Coordinator D. Engler, Chief of Inmate Appeals N. Grannis, and California Department of Corrections and Rehabilitation ("CDCR") Director James Tilton. All Defendants are sued in their individual capacities only. Plaintiff seeks monetary damages as well as declaratory and injunctive relief. (Id. at 3-5, 20.)

Plaintiff alleges that Defendants Luke and Greenman denied him preventative care and treatment for his photoreaction to the prescribed drug Naproxen which caused cellular damage to his face and lips. (Id. at 6, 8-11.) Specifically, Plaintiff alleges his "lips became discolored and purple, and they would bust open and bleed. Plaintiff's skin on his face would peel off, and bleeding lesions would open on his face, nose, and ears. Over the course of time, Plaintiff then developed discoloration and leathery dark sunspots on his nose and upper forehead." (Id. at 10.) Plaintiff further alleges that he was in pain and was refused medical treatment by Defendants Luke and Greenman who stated to Plaintiff "[w]e only provide sunscreen for individuals that have skin cancer." (Id. at 6.) Plaintiff further alleges that he then developed a "returning deformed cell growth on his face, and where Dr. Agloa instructed Plaintiff to go to surgery to have the growth biopsy for possible skin cancer. Plaintiff's facial skin is now severely sensitive to sunlight and which inhibits his daily activities." (Id. at 10.)

As to Defendant Barter, Plaintiff alleges, among other things, that his decision to "deliberately remove the dormitory porches" in the yard "discriminates against fair skin disabled inmates, does not provide reasonable accommodations to use the dormitory porch seating to inhibit equal access to daytime." (Id. at 7.)

As to Defendant Engler, Plaintiff alleges, among other things, he violated certain rules by not accepting group appeals to "allow inmates to have access to their dormitory porches and which deliberately increased Plaintiff's facial injuries"

1 and "protects staff against misconduct." (Id. at 16, 17.)

2 As to Defendants Marshall and Tilton, Plaintiff alleges, among other things, that their "policies do not provide inmates sunscreen to prevent cellular damage and cancer, and to not provide treatment for facial surgery scarring as what is provided by a doctor in good standing in the community. This inadequate treatment does not treat Plaintiff's serious medical needs, and creates additional medical complications." (Id. at 6.)

As to Defendant Grannis, Plaintiff alleges, among other things, that Grannis has "inadequate policies," "does not have a failsafe system to protect inmates from reprisals," and thus, "silenced Plaintiff from exercising his administrative remedies. (Id. at 19.)

## III.
## STANDARD OF REVIEW

**A.   PLRA Screening.**

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by certain standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Since plaintiff is appearing pro se, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted,

allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

With respect to Plaintiff's pleading burden, the Supreme Court recently held that while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations and footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.")  The Bell Atlantic Court further explained in a footnote:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at 1965 n.3 (citations omitted).

///

**B.     Leave to Amend.**

If the Court finds that a complaint should be dismissed for failure to state a

claim, the Court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is <u>pro se</u>. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (<u>citing</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1005-06.

## IV.

## **DISCUSSION**

**A.     The Complaint Is Subject to Dismissal for Failure to State a Claim Based on Respondeat Superior Liability.**

Supervisory personnel are not individually liable under § 1983 on a theory of <u>respondeat superior</u> or vicarious liability in the absence of a state law imposing such liability. <u>Monell v. New York City Dep't of Soc. Serv.</u>, 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1992); <u>Hansen v. Black</u>, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. <u>See</u> <u>Redman</u>, 942 F.2d at 1446-47; <u>Hansen</u>, 885 F.2d at 646; <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Unsupported, conclusory allegations are insufficient to state a valid claim. <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977).

As set forth above, "a plaintiff's obligation to provide the 'grounds' of his

1  'entitlement to relief' requires more than labels and conclusions, and a formulaic
2  recitation of the elements of a cause of action will not do . . . Factual allegations
3  must be enough to raise a right to relief above the speculative level . . . on the
4  assumption that all the allegations in the complaint are true (even if doubtful in
5  fact) . . ." Bell Atlantic Corp., 127 S. Ct. at 1964-65.

6  As to Defendants Marshall and Tilton, Plaintiff alleges, among other things,
7  that their "policies do not provide inmates sunscreen to prevent cellular damage
8  and cancer, and to not provide treatment for facial surgery scarring as what is
9  provided by a doctor in good standing in the community. This inadequate
10 treatment does not treat Plaintiff's serious medical needs, and creates additional
11 medical complications." (Compl. at 6.)  These conclusory allegations are clearly
12 insufficient to establish supervisory liability against these Defendants. Thus, the
13 Complaint is subject to dismissal for failure to state a claim for supervisory
14 liability against Defendants Marshall and Tilton.

**B.     The Complaint Is Subject to Dismissal for Failure to State an Access to Court Claim.**

17 It has long been "established beyond doubt that prisoners have a
18 constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821,
19 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977). A prisoner's right to meaningful
20 access to the courts, along with his broader right to petition the government for a
21 redress of his grievances under the First Amendment, precludes prison authorities
22 from penalizing a prisoner for exercising those rights. In some instances, prison
23 authorities must even take affirmative steps to help prisoners exercise their rights.
24 Id. at 821-32; Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir. 1993). The right of
25 meaningful access to the courts extends to established prison grievance procedures.
26 Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

27 As to Defendant Grannis, Plaintiff alleges, among other things, that Grannis
28 has "inadequate policies," "does not have a failsafe system to protect inmates from

reprisals," and thus, "silenced Plaintiff from exercising his administrative remedies. (Compl. at 19.) As to Defendant Engler, Plaintiff alleges, among other things, he violated certain rules by not accepting group appeals to "allow inmates to have access to their dormitory porches and which deliberately increased Plaintiff's facial injuries" and "protects staff against misconduct." (Id. at 16, 17.)

These conclusory allegations are clearly insufficient to state an access to courts claim against these Defendants. Thus, the Complaint is subject to dismissal for failure to state an access to courts claim as to Defendants Grannis and Engler.

**C.     The Complaint Must Comply with Fed. R. Civ. P. 8.**

Rule 8 of the Federal Rules of Civil Procedure provides that: "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a). Rule 8 further provides that: "[e]ach averment of a pleading shall be simple, concise, and direct . . ." Fed. R. Civ. P. 8(e)(1). A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. See Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

From what the Court can gather from the Complaint, Plaintiff is attempting to state claims for relief based on deliberate indifference to his serious medical needs and the denial of access to courts. However, due to the rambling nature of the Complaint, it is difficult for the Court the determine any additional legal theories Plaintiff may be attempting to raise against any other Defendants. Plaintiff is reminded that he must comply with Rule 8 with regard to any future Complaints he may file.

**V.**

**ORDER**

Based on the foregoing, the Court hereby dismisses the Complaint. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

If Plaintiff still wishes to pursue this action, he shall have thirty (30) days from the date of this Order within which to file a First Amended Complaint, attempting to cure the defects in the Complaint. The First Amended Complaint shall be complete in itself and must remedy the deficiencies discussed. Plaintiff may not use "et al." in the caption but must name each Defendant against whom claims are stated. Furthermore, Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his First Amended Complaint. The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form. The First Amended Complaint shall not refer to the previously dismissed Complaint.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: August 27, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge